1  Carolyn Hunt Cottrell (SBN 166977)
   David C. Leimbach (SBN 265409)
2  Kristabel Sandoval (SBN 323714)
   SCHNEIDER WALLACE
3  COTTRELL KONECKY LLP
   2000 Powell Street, Suite 1400
4  Emeryville, California 94608
   Tel: (415) 421-7100; Fax: (415) 421-7105
5  ccottrell@schneiderwallace.com
   dleimbach@schneiderwallace.com
6  ksandoval@schneiderwallace.com

7  *Attorneys for Plaintiff and Class Members*

8              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
9

10 JILL TIZEKKER and KATIE McCLELLAND,       Case No. _____
   individually and on behalf of all others similarly
11 situated,                                  **CLASS ACTION COMPLAINT FOR**
                                              **VIOLATIONS OF:**
12          Plaintiffs,                       (1) Fair Labor Standards Act (28 U.S.C. § 201,
                                                  *et seq.*);
13 vs.                                        (2) Failure to Pay for All Hours Worked
                                                  (Labor Code § 204);
14 BEL-AIR BAY CLUB LTD.,                     (3) Failure to Pay Minimum Wage and
                                                  Liquidated Damages (Labor Code §§
15          Defendants.                           1182.11, 1182.12, 1194, 1197, and
                                                  1197.1);
16                                            (4) Failure to Pay Overtime Wages (Labor
                                                  Code § 510);
17                                            (5) Unlawful Business Practices (Bus. & Prof.
                                                  Code §§ 17200 *et seq.*) - Failure to Pay All
18                                                Gratuities Owed (Labor Code § 351);
                                              (6) Intentional Interference with Prospective
19                                                Economic Advantage
20                                            (7) Conversion;
                                              (8) Unjust Enrichment;
21                                            (9) Failure to Provide Timely and Accurate
                                                  Itemized Wage Statements (Labor Code §
22                                                226);
                                              (10) Failure to Reimburse for Necessary
23                                                 Business Expenditures (Labor Code §
                                                   2802);
24                                            (11) Unlawful Business Practices (Bus. &
                                                   Prof. Code §§ 17200 *et seq.*);
25

26

27                                           **DEMAND FOR JURY TRIAL**

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Tizekker, et al. v. Bel-Air Bay Club, Ltd.*

**INTRODUCTION**

1.      Plaintiff Jill Tizekker and Katie McClelland, in their individual capacities and on behalf of all others similarly situated, brings this class action against Defendant Bel-Air Bay Club, Ltd. ("Defendant" or "Bel-Air Bay Club") on behalf of individuals who have worked for Defendant as non-exempt servers, waitstaff, bartenders, and other non-managerial service positions. Throughout the relevant time period, Plaintiffs and similarly situated workers have been denied proper overtime compensation pursuant to the Fair Labor Standards Act (FLSA) and California. Plaintiffs and Class members have likewise been denied proper payment for all hours worked, overtime compensation, unreimbursed business expenses, as well as unpaid gratuity payments, pursuant to California law. This case implicates Defendant's longstanding policies and practices, which fails to properly compensate non-exempt service workers for gratuities paid to them as tip wages, unpaid overtime work, unreimbursed necessary business expenses, and for work performed while "off-the-clock."

2.      For hourly-paid employees who work more than eight hours in a day, or 40 hours in a workweek, Defendant fails to pay those workers at a premium rate for those overtime hours. Instead, Defendant pays its hourly workers at their regular rate for all hours worked beyond eight in a single day and/or beyond 40 in a single workweek.

3.      Defendant imposes mandatory "service fee" surcharges on the total cost of banquet services, but fails to distribute the total proceeds of those service fees to non-managerial service employees as gratuity payments as required by California law. This conduct violates California Labor Code § 351. Defendant also charges additional fees, such as "bus boy" and "bartender fees," which reasonably appear to be compensation to be paid for the employees providing those services, but is instead retained by Bel-Air Club.

4.      Defendant also maintains a longstanding policy and practice of failing to properly compensate non-exempt employees for work performed while "off-the-clock," namely for the 20-30 minutes after employees arrive for work, are directed to pick up a parking pass from inside the club, are told to park their cars in a separate parking lot in accordance with club rules, and are required to walk back to the club from the designated employee parking area. These policies deny Plaintiffs,

Class, and Collective members payment for all hours worked, including overtime, in violation of the FLSA and California law.

5.     Defendant also require Plaintiffs and Class members to purchase certain uniform items in order to work at the Bel-Air Club, including specific types of shirts, pants, and shoes. Defendant, however, does not reimburse Plaintiffs and Class members for these expenses incurred for the benefit of Defendant.

6.     Defendant's conduct violates the Fair Labor Standards Act ("FLSA") because of the mandate that non-exempt employees, such as Plaintiffs and Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty in a single workweek. 29 U.S.C. § 207(a).

7.     Plaintiffs, Class, and Collective members bring this action to challenge Defendant's policies and practices of: (1) failing to compensate Plaintiffs and Class members for all hours worked; (2) failing to pay Plaintiff and Class members all minimum wages owed; (3) failing to pay Plaintiff McClelland, Class, and Collective members all overtime wages owed; (4) failing to pay Plaintiffs and Class members all tip wages owed from service charge gratuity payments; (5) failing to reimburse Plaintiffs and Class members for necessary business expenses; (6) failing to provide Plaintiffs and Class members accurate, itemized wage statements; and (7) failing to timely pay Plaintiffs and Class members full wages upon termination or resignation.

8.     Plaintiffs file this action to recover all unpaid wages, compensation, penalties, and other damages on behalf of herself, Class, and Collective members under the FLSA as a collective action pursuant to Section 216(b), and under state law as a class action under Federal Rule of Civil Procedure 23. Plaintiffs seek to remedy the sweeping practices Defendant integrated into its gratuity systems, time tracking policies, and payroll policies, that have deprived Plaintiffs, Class, and Collective members of their lawfully-earned wages.

**SUBJECT MATTER JURISDICTION AND VENUE**

9.     This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically

the FLSA, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant employs numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Defendants are subject to personal jurisdiction here.

**PARTIES**

11.     Plaintiff Jill Tizekker is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Los Angeles. Plaintiff Tizekker is employed as a non-exempt bartender at the Bel-Air Bay Club in Pacific Palisades, California from approximately September 2016 to the present.

12.     Plaintiff Katie McClelland is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Los Angeles. Plaintiff McClelland was employed as a non-exempt bartender at the Bel-Air Bay Club from approximately September 2017 to August 2018.

13.     The FLSA Collective members are all people who are or who have been employed by Defendant as hourly, non-exempt employees throughout the United States within the three years preceding the filing of this Complaint.

14.     The Class members are all people who are or who have been employed by Defendant as hourly non-exempt employees throughout the State of California within the four years preceding the filing of this Complaint.

15.     The Service Fee Sub-Class are all people who are or who have been employed by Defendant as food and beverage service employees, including but not limited to food servers, beverage servers, waitstaff, bartenders, bussers, and/or non-managerial service workers employed by Defendant throughout the State of California within the four years preceding the filing of this Complaint.

16.     Plaintiffs are informed, believes, and thereon alleges that Defendant Bel-Air Bay Club,

Ltd. is a California non-profit corporation that is registered to do business in California. Defendant may be served with process by serving its registered agent, Charlotte Pattison, 16801 Pacific Coast Highway, Pacific Palisades, California 90272.

17.     Plaintiffs are informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendant's managers, officers, and supervisory employees were acting in their capacity as the agents and employees of Defendant, and in doing the things alleged in this Complaint were acting within the course and scope of such agency, employment, and/or direction and control of Defendant. At all material times, Defendant has been an employer within the meaning of the California Labor Code.

18.     At all material times, Defendant has done business under the laws of California, has a place of business in California, including in this County, and has employed Class members in this County. Defendant is a "person" as defined in Labor Code § 18 and California Business and Professions Code § 17201, and an "employer" as that term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions.

19.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

20.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

21.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22.     Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

23.     In addition to Plaintiffs, Defendant has employed numerous other employees, who like Plaintiffs, are non-exempt hourly employees engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes patient credit cards with banks in other states.

24.     Plaintiff McClelland and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

25.     At all material times, Plaintiff McClelland and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTUAL ALLEGATIONS**

26.     Defendant operates the Bel-Air Bay Club in Pacific Palisades, California. Defendant employs dozens of hourly non-exempt workers similarly situated to Plaintiffs at the Bel-Air Club, all subject to the same policies and practices.

27.     Plaintiff Tizekker worked at the Bel-Air Club as a banquet bartender from approximately September 2016 to the present. Plaintiff Tizekker is paid at an hourly rate of $20. On average, Plaintiff Tizekker works 6 hours per shift for banquet events, on average about once per month.

28.     Plaintiff McClelland worked at the Bel-Air Bay Club as a bartender on a full-time schedule, from approximately September 2017 to August 2018. Plaintiff McClelland was paid at an hourly rate of $19. On average, Plaintiff McClelland worked 10 to 12 hours per shift, and between five to seven shifts per week.

29.     Class and Collective members were and are employed by Defendant and performed work materially similar to Plaintiffs.

30.     Class and Collective members report to a facility owned, operated, or managed by Defendant to perform their jobs.

31.     Class and Collective members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

32.     Class and Collective members are required to follow and abide by common work, time, and pay policies and procedures in the performance of their jobs.

33.     At the end of each pay period, Class and Collective members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

34.     Defendant pays Class and Collective members on an hourly rate basis.

35.     As a matter of course, Defendant routinely add a service charge of 22% to the total cost of banquet services, including the sale of food and beverages during those banquets. These service charges have been in the form of automatic surcharges that appear only as a line item on the customer's bill as "service," which customers are required to pay, and which reasonably appear to be gratuities for the service staff by their description as a charge for "service." Moreover, Plaintiffs and Service Fee Sub-Class members are instructed not to ask for tips during the course of their work, which underscores that the "service" fee charged to the customer is reasonably interpreted by the customer as a built-in gratuity payment meant to compensate the Class members.

36.     Likewise, Defendant adds a service charge of 20% to every food and beverage transaction for the non-banquet food and beverage services, such as the Anacapa Bar and the general dining areas. Generally, Defendant's customers do not pay their food and beverage bill at the end of the night or the end of a single dinner service, but instead pay their food and bar tab on a monthly basis. In other words if a customer orders drinks at the bar on a given night, they do not give their credit card information or pay for the bar service with cash to Defendant, but instead the customer gives their member identification and the bar service would be added to their monthly bill from Defendant. The single transaction, however, is still subjected to the 20% service charge by Defendant, which reasonably appears to the customer to be a gratuity payment for the non-managerial service workers.

37.     There is a custom in the hospitality industry to treat sums designated as "service charges" as gratuities for the service worker employees. However, Defendant does not remit the proceeds of these service charges to Plaintiffs and Service Fee Sub-Class members, the non-managerial employees who serve the food and beverages. Instead, Defendant has a policy and practice of retaining those service charges for themselves. As a result, Plaintiffs and Service Fee Sub-Class members do not receive the proceeds of the service charges as gratuities, to which they are entitled under California law.

38.     As a matter of policy and practice, Defendant also requires Plaintiff McClelland to

work ample overtime hours, but does not pay Plaintiff McClelland at a rate of one-and-one-half times her regular hourly rate for those overtime hours. Instead, Defendant pays Plaintiff McClelland her regular hourly rate for hours worked beyond eight in a single day and/or beyond 40 in a single workweek. Plaintiffs understand this illegal overtime policy applies to all hourly-paid workers at Bel-Air Bay Club, regardless of their specific job titles.

39.     As a matter of policy, Defendant also require Plaintiffs, Class, and Collective members to arrive early for their shifts in order to park their cars in a specified parking lot for the employees. Defendant instructs Plaintiffs, Class, and Collective members to arrive approximately 20 to 30 minutes before their scheduled shift, and when they arrive they are instructed to pick up a parking pass from inside the club that allows them to park in a designated parking lot some distance away from the club, so as to stay clear of the adjacent parking lot meant for the Bel-Air Bay Club's members and guests. Employees are then instructed to drive to a designated parking lot and walk back to the Bel-Air Club to start their shifts. In practice, this parking system forces Plaintiffs, Class, and Collective members to perform services for the benefit of Defendant before they clock in for their shifts, which goes uncompensated. Plaintiffs are informed, believe, and thereon allege that this policy and practice applies to all Class and Collective members, and these tasks are performed with Defendant's knowledge.

40.     Defendant likewise requires Plaintiffs and Class members to purchase and wear certain items of clothing in order to work at the Bel-Air Club, including specific types of shirts, pants, and shoes. While the Bel-Air Club provides a blue polo shirt for the uniform, the club does not provide, but nonetheless requires Plaintiffs and Class members to purchase, pants, button-down shirts, ties, and shoes. On average, Plaintiffs and Class members are required to incur approximately $200 for the clothes, and an additional $50 for the black, non-slip shoes. Defendant does not reimburse for these necessary expenses incurred by Plaintiffs and Class members.

41.     As a result of these policies, Defendant denies Plaintiffs and similarly situated employees gratuities to which they are lawfully owed, proper overtime compensation, time worked while off-the-clock for Defendant's benefit, and reimbursement for business expenses incurred for

the benefit of Defendant.

42.     Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Class members. In particular, Defendant has failed to record hours that Plaintiffs and Class members work while off-the-clock.

43.     Defendant's failure to record all gratuity payments, proper overtime compensation, and all hours worked also results in a failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendant provides are not accurate because they do not reflect the actual wages earned as gratuity payments, nor the actual hours worked by Plaintiffs and Class members. The wage statements do not contain all of the service charges that should be paid as gratuity payments, and do not contain all of the off-the-clock work or time that should be compensable pre-shift.

44.     Defendant has employed dozens of people similarly situated to Plaintiffs during the four-year period prior to the filing of this Complaint.

45.     Defendant's method of paying Plaintiffs and Class members is willful, and is not based on a good faith and reasonable belief that their conduct complies with the FLSA or California law. Defendant's conduct causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiff McClelland brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Plaintiff McClelland and Collective members for all hours worked, including minimum wages, wages at the agreed rate, and overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA. The FLSA Collective that Plaintiff McClelland seeks to represent is defined as follows:

> **All current and former hourly, non-exempt workers employed by Defendant nationwide during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").**

47.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for

the claims asserted by Plaintiff McClelland because her claims are similar to the claims possessed by the Collective members.

48. Plaintiff McClelland and Collective members have been denied compensation for time worked, including off-the-clock work, and have been denied proper premium pay for all overtime hours worked. In addition, Plaintiff McClelland has actual knowledge that Collective members have also been denied proper overtime pay for their work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

49. Plaintiff McClelland is similarly situated to Collective members. Like Plaintiff McClelland, Defendant subjects Collective members to its common practices, policies, or plans of refusing to pay overtime rates of pay for all hours worked beyond 40 in a workweek in clear violation of the FLSA.

50. Other Collective members similarly situated to Plaintiff McClelland work, or have worked, for Defendant and were similarly not paid overtime at the rate of one and one-half times their regular hourly rate when those ours exceeded forty per workweek. Other Collective members similarly situated to Plaintiff McClelland also perform compensable work while "off-the-clock" before their shift began. Similarly situated collective members are not paid the proper overtime rate for all of their hours worked in excess of forty in a workweek.

51. Collective members regularly work or have worked in excess of forty hours during a workweek.

52. Collective members are not exempt from receiving overtime compensation under the FLSA.

53. Defendant's failure to pay overtime compensation as required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the FLSA Collective members.

54. This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

a. Defendant maintains common scheduling systems and policies with respect to Plaintiff McClelland and Collective members, control the scheduling systems and policies implemented throughout their facility, and retain authority to review and revise or approve the schedules assigned to Plaintiff McClelland and Collective members;

b. Defendant maintains common timekeeping systems and policies with respect to Plaintiff McClelland and Collective members;

c. Defendant maintains common payroll systems and policies with respect to Plaintiff McClelland and Collective members, controls the payroll systems and policies applied to Plaintiff McClelland and Collective members, and sets the pay rates assigned to Plaintiff McClelland and Collective members; and

d. Defendant controls the employee parking policies and practices at issue in this litigation, and has the ability to deprive Plaintiffs and Collective members of wages owed for work performed while off-the-clock.

55. Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek, including for interrupted, on-duty, or missed meal breaks, as well as "off-the-clock" work.

56. Plaintiff McClelland and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant have a plan, policy or practice of not paying Plaintiff McClelland and Collective members at a premium rate for overtime hours worked, as well as additional work performed "off-the-clock."

57. As such, the Collective of similarly situated Plaintiffs is properly defined as stated above. Plaintiffs estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 40 people or more. The precise number of Collective members should be readily available and identifiable from Defendant's personnel, scheduling, time

and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records.

## RULE 23 CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. The Class and Sub-Class that Plaintiffs seek to represent are defined as follows:

### Class Members:

**All current and former hourly, non-exempt workers employed by Defendant in California during the time period four years prior to the filing of the original Complaint until resolution of this action.**

### Service Fee Sub-Class Members:

**All current and former hourly, non-exempt food and beverage service employees, including but not limited to food servers, beverage servers, waitstaff, bartenders, bussers, and/or non-managerial service workers employed by Defendant in California any time starting four years prior to the filing of this Complaint until resolution of this action.**

59.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

60.     <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiffs are informed and believes that the number of Class members exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

61.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class. These common

questions of law and fact include, but are not limited to:

    a.  Whether Defendant fails to compensate Class members for all hours worked, including off-the-clock work, in violation of the Labor Code and Wage Orders;

    b.  Whether Defendant fails to pay Class members all premium rate, overtime wages owed for work performed in excess of eight hours in a day and/or 40 hours in a workweek;

    c.  Whether Defendant has a policy and/or practice of charging a service fee to customers for banquet services, and failing to remit the entirety of that service fee to Service Fee Sub-Class members as tip wages;

    d.  Whether Defendant has a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

    e.  Whether Defendant fails to reimburse Class members for necessary business expenses incurred for Defendant's benefit;

    f.  Whether Defendant fails to pay all wages owed upon separation of employment for Class members;

    g.  Whether Defendant fails to provide Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

    h.  Whether Defendant violates Business and Professions Code §§ 17200 *et seq*., by:

        (a) failing to compensate Class members for all hours worked, including at minimum wage compensation;

        (b) failing to compensate Class members for all tip wages paid to Defendant as a service charge;

        (c) failing to pay Class members minimum wage for all hours worked;

        (d) failing to reimburse necessary business expenses incurred by Class members; and

        (e) failing to provide putative Class members with timely, accurate itemized

wage statements.

      i.   The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and the Class as alleged herein.

62.   <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiffs and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

63.   <u>Adequacy of Representation</u>:  Plaintiffs seek relief for state law violations perpetrated by Defendant. In that sense, Plaintiffs do not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of 29 U.S.C. § 207**
**Failure to Pay Overtime Compensation**
**(FLSA Collective Action)**

64.   Plaintiff McClelland re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

65.   Plaintiff McClelland and Collective members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

66.   The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

67.   Throughout the relevant time period, Defendant instituted a timekeeping and payroll policy and/or practice of paying Plaintiff McClelland and Collective members at their regular hourly rate of pay for hours worked in excess of 40 in a workweek.

68.   Plaintiff McClelland and Collective members have been harmed as a direct and

proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

69.     Defendant cannot satisfy their burden of proof to demonstrate that Plaintiff McClelland and Collective members received wages and one-and-one-half times their regular hourly rates of pay for all hours worked in excess of 40 in a workweek.

70.     Defendant violated and continues to violate the FLSA by failing to pay Plaintiff McClelland and Collective members at one-and-one-half times their regular rates of pay for work performed in excess of forty per workweek under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff McClelland and Collective members have suffered a loss of wages, including overtime wages.

71.     Defendants' failure to pay overtime to Plaintiff McClelland and Collective members, in violation of the FLSA, was willful and not based on a good-faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff McClelland and Collective members' claims.

72.     Because of Defendant's willful violation, Plaintiff McClelland and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

73.     Plaintiff McClelland and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

74.     Wherefore, Plaintiff McClelland and the putative Collective request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Violation of 29 U.S.C. § 207
### Failure to Pay Overtime Compensation for "Off-the-Clock" Work
### (FLSA Collective Action)

75.     Plaintiff McClelland re-alleges and incorporates the foregoing paragraphs as though

fully set forth herein.

76.     Throughout the relevant time period, Defendant suffered and/or permitted Plaintiff McClelland and Collective members to work additional time outside of their shifts for work-related tasks. These tasks included, but were not limited to, arriving early to pick up a parking pass from inside Defendant's facility, driving their vehicles to a designated parking lot, walking back to the facility, and various other services for the benefit of Defendant, prior to clocking in for their shifts.

77.     Defendant actively discourage Plaintiff McClelland and Collective members from logging time outside the parameters set by Defendant for this off-the-clock work. Indeed, Plaintiff McClelland and the Collective members only perform such tasks at the express direction and supervision of Defendant.

78.     Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff McClelland performed work in excess of forty hours per workweek that was not recorded and for which she was not compensated at an overtime rate of pay. Defendant's policies and practices favored Defendant at the expense of Plaintiff McClelland and Collective members.

79.     Defendant violated and continues to violate the FLSA when they fail to pay Plaintiff McClelland and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff McClelland and Collective members suffer wage losses during weeks where the total time worked (logged and unlogged) exceeds forty hours.

80.     Defendant's failure to pay overtime to Plaintiff McClelland and Collective members, is willful and not based on a good-faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff McClelland and Collective members' claims.

81.     Because of Defendant's willful violation, Plaintiff McClelland and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

82.     Plaintiff McClelland and Collective members are further entitled to reasonable

attorneys' fees and costs of the action in addition to any judgment awarded.

83. Wherefore, Plaintiff McClelland and the putative Collective request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 1194**
**(On Behalf of the Class)**

84. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

85. Defendant willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiffs and putative Class members for all hours worked or spent in its control.

86. Defendant intentionally and willfully requires Plaintiffs and the Class members to complete additional work off-the-clock, in excess of their scheduled shifts. For example, Class members routinely perform work functions before clocking in, such as picking up a parking pass, moving their cars to a designated employee parking lot, and walking back from the parking lot to the club prior to clocking in for their shift. Plaintiffs and Class members are not compensated for that time spent for the benefit of Defendant. As a result, Defendant fails to pay Plaintiffs and the Class members for all hours worked and fail to track their actual hours worked.

87. Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

88. Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

89. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

90.    IWC Wage Order 5-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

91.    Defendant requires Plaintiffs and the Class to work off-the-clock without compensation.  In other words, Plaintiffs and the Class are forced to perform work for the benefit of Defendant without compensation.

92.    In violation of California law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiffs and the Class with compensation for all time worked. Defendant regularly fails to track the time Plaintiffs and the Class actually work or to compensate them for all hours worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiffs and the Class members' rights. Plaintiffs and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

93.    As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

94.    Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(On Behalf of the Class)**

95.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

96.    Defendants do not compensate Plaintiffs and Class members with appropriate minimum wages as required by California law.

97.    Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

98.     Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."   All such wages are subject to California's overtime requirements, including those set forth above.

99.     During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendant's hourly employees receive the minimum wage for all hours worked at the rate of ten dollars a fifty cents ($10.50) per hour commencing January 1, 2017.

100.    Defendant has maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiffs and Class members frequently work time off-the-clock, as described above, which is time worked that is uncompensated.

101.    As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiffs and Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

102.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
**(On Behalf of the Class)**

103.    Plaintiff McClelland re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

104.    Defendant does not compensate Plaintiff McClelland and Class members with appropriate overtime, including time and a half and double time, as required by California law.

105.    Labor Code § 510 provides as follows:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an

employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

106.  The IWC Wage Order 4-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

107.  Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

108.  Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

109.  Defendant regularly requires Plaintiff McClelland and Class members to work in excess of eight hours per day and forty hours per week, but does not compensate them at an overtime rate for all of this work.

110.   Plaintiff McClelland and Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

111.   Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff McClelland and the Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff McClelland and the Class members in amounts to be determined according to proof at time of trial.

112.   Defendant is liable to Plaintiff McClelland and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff McClelland is entitled to an award of attorneys' fees and costs as set forth below.

113.   Wherefore, Plaintiff McClelland and the Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**Gratuity Violation Pursuant to Labor Code § 351**
**(On Behalf of the Service Fee Sub-Class)**

114.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

115.   Defendant's conduct, as set forth above, in failing to remit to non-managerial service employees the total proceeds of gratuities added to customers' bills constitutes a violation of California Labor Code § 351.

116.   This violation is enforceable pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

117.   The violations of California Labor Code § 351, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

118.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiffs and the Service

Fee Sub-Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

119.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

120.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the Service Fee Sub-Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

121.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and the Service Fee Sub-Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

122.    Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated. Plaintiffs and putative Service Fee Sub-Class members seek and are entitled to restitution of gratuity payments retained by Defendant, declaratory and injunctive relief, and all other equitable remedies owing to them.

123.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

124.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Intentional Interference with Prospective Economic Advantage**
**(On Behalf of the Service Fee Sub-Class)**

125.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

126.    An economic relationship was created between Defendant's customers and Plaintiffs and Service Fee Sub-Class members at the time the customers were provided with food and beverage services, which Plaintiffs or Service Fee Sub-Class members provided. At that time, Plaintiffs and Service Fee Sub-Class Members served Defendant's customers under the established custom and practice in the hospitality industry that they would receive a gratuity at the end of the relationship that correlated to the level of service provided.

127.    Defendant was aware of the relationship between its customers and Plaintiff and the Service Fee Sub-Class Members. Moreover, Defendant instructed the service workers not to request tips, in furtherance of this interference. For example, Defendant instructed Plaintiffs, who are bartenders, not to put out a tip jar, which underscored the misnomer that the "service fee" charged by Defendant would be utilized as gratuity payments for Plaintiffs and Service Fee Sub-Class members for their food and drink services.

128.    Pursuant to the established custom and practice, Defendant's customers reasonably believed the "service" charge added to the banquet costs constituted payment of gratuities for Plaintiffs and the Service Fee Sub-Class Members. Defendant wrongfully and in violation of California Labor Code § 351 failed to remit the total proceeds of gratuities added to the banquet services, including the food and beverage costs therein, to non-managerial service employees.

129.    Defendant intended to, and/or knew that, by doing so it would disrupt the economic relationship between Defendant's customers and Plaintiffs and the Service Fee Sub-Class Members in that adding such a "service fee" would reduce the gratuities received by Plaintiffs and the Service Fee Sub-Class Members for their work.

130.    Defendant's violation of Labor Code §351 did disrupt the economic relationship between Defendant's customers and Plaintiffs and the Service Fee Sub-Class Members.

131.     As a direct and proximate result of Defendant's interference, Plaintiffs and Service Fee Sub-Class Members suffered harm in that they did not receive the full value of the gratuities left to them by Defendant's customers.

132.     Plaintiffs and Service Fee Sub-Class members seek restitution, compensatory relief, and equitable relief.

133.     Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and Service Fee Sub-Class members are also entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

134.     Wherefore, Plaintiffs and the Service Fee Sub-Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Conversion**
**(On Behalf of the Service Fee Sub-Class)**

135.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

136.     Defendant's conduct in failing to remit the total proceeds of gratuities added to customers' banquet services bills to non-managerial service employees constitutes conversion under California law.

137.     Plaintiffs and Service Fee Sub-Class members had a right of possession to the service fees paid by customers, who intended upon reasonable belief that the service fees would be remitted in total to Plaintiffs and Service Fee Sub-Class members as gratuity payments pursuant to the known custom in the hospitality industry that "service fees" are meant as gratuity payments to the service workers.

138.     Defendant intentionally and substantially interfered with Plaintiffs and Service Fee Sub-Class members' right of possession to the service fees paid by customers as gratuity payments, by taking possession of a portion of the service fees that were meant to be remitted to Plaintiffs and Service Fee Sub-Class members.

139.   Plaintiffs and Service Fee Sub-Class members did not consent to such an interference and are directly and proximately harmed as a result of Defendant's conduct in taking a portion of the service fees.

140.   Plaintiffs and Service Fee Sub-Class members seek restitution, compensatory relief, and equitable relief.

141.   Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and Service Fee Sub-Class members are also entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

142.   Wherefore, Plaintiffs and the Service Fee Sub-Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of the Service Fee Sub-Class)

143.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

144.   Defendant's conduct as set forth above constitutes unjust enrichment under California state common law. Specifically, Defendant misappropriated funds that Defendant's customers reasonably believed and intended to be gratuity payments to Plaintiffs and Service Fee Sub-Class members. Defendant misappropriated these funds by deceitfully labelling a mandatory surcharge as a "service fee," which reasonably leads customers to believe such a "service fee" would be remitted in total to the service workers as a gratuity, i.e., the gratuity fee for the service rendered.

145.   Defendant was unjustly enriched by receipt of the monetary benefit from the "service fees" charged to customers at the expense of Plaintiffs and Service Fee Sub-Class members, who were the original intended recipients of those "service fees" according to the known custom in the hospitality industry.

146.   Defendant should therefore be required to disgorge all ill-gotten gains as a result of failing to remit the entirety of gratuity proceeds charged to Defendant's customers to service employees.

147.    Wherefore, Plaintiffs and the Service Fee Sub-Class request relief as hereinafter provided.

**TENTH CAUSE OF ACTION**
**Failure to Reimburse for Necessary Business Expenses**
**Pursuant to Labor Code § 2802**
**(On Behalf of the Class)**

148.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

149.    Defendant does not reimburse Plaintiffs and putative Class members for necessary business expenditures.

150.    Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

151.    Defendant regularly requires Plaintiffs and putative Class members to pay out of pocket for clothing and non-slip shoes in order to do their jobs. Defendant, however, does not reimburse Plaintiffs and the putative Class members for these expenditures.

152.    Defendant is liable to Plaintiffs and putative Class members for the unreimbursed expenses and civil penalties, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

153.    Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

**ELEVENTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

154.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

155.    Defendant does not provide Plaintiffs and Class members with accurate itemized wage statements as required by California law.

156.    Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

157.    IWC Wage Order 5-2001(7) establishes similar wage statement requirements.

158.    Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

159.    Plaintiffs seek to recover actual damages, costs and attorneys' fees under this section.

160.    Defendant does not provide timely, accurate itemized wage statements to Plaintiffs and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides their employees, including Plaintiffs and putative Class

members, do not accurately reflect the actual hours worked, tip wages earned, actual gross wages earned, or actual net wages earned.

161.    Defendant is liable to Plaintiffs and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

162.    Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

**TWELFTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(On Behalf of the Class)**

163.    Plaintiff McClelland re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

164.    Defendant does not provide Class members with their wages when due under California law after their employment with Defendant ends.

165.    Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

166.    Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

167.    Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

168.    Plaintiff McClelland and some of the putative Class members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These

earned, but unpaid, wages derive from both the tip wages retained by Defendants, the overtime premiums that have gone unpaid, unreimbursed business expenses, as well as the time spent working for the benefit of Defendant, which went unrecorded and/or uncompensated.

169. Defendant willfully refused and continues to refuse to pay Plaintiff McClelland and Class members all the wages that are due and owing to them, in the form of uncompensated tip wages, off-the-clock time, overtime, and unreimbursed business expenses, upon the end of their employment as a result of Defendant's willful failure to provide Class members with payment for all hours worked, overtime, and unreimbursed business expenses. As a result of Defendant's actions, Plaintiff McClelland and Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

170. Defendant's willful failure to pay Plaintiff McClelland and Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiff McClelland and Class members for all penalties owing pursuant to Labor Code §§ 201-203.

171. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

172. Wherefore, Plaintiff McClelland and the Class request relief as hereinafter provided

**THIRTEENTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq*.**
**(On Behalf of the Class)**

173. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

174. California Business and Professions Code §§ 17200 *et seq*., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

175. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

176.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

177.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.    violations of Labor Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages;

    b.    violations of Labor Code § 510 and IWC Wage Order 4-2001 pertaining to overtime wages;

    c.    violations of Labor Code § 2802 pertaining to reimbursement of necessary business expenses;

    d.    violations of Labor Code §§ 201- 203 pertaining to payment of all wages owed upon separation from employment;

    e.    violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

    f.    violations of Labor Code § 351 for failure to remit to non-managerial service employees the total proceeds of gratuities added to Defendants' customers' bills.

178.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

179.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class

wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

180.     Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

181.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

182.     Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to gratuity payments retained by Defendant, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

183.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

184.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of the Class and Collective members, request the

following relief:

1.     For an order certifying that the First and Second Causes of Action in the Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitted them to assert their FLSA claims;

2.     For an order equitably tolling the statute of limitations for the potential members of the Collective;

3.     For an order certifying that the Third through Twelfth Causes of Action in the Complaint as a class action pursuant to Rule 23 of the Federal Code of Civil Procedure;

4.     Damages and restitution according to proof at trial for all unpaid gratuities, wages, business expenses, and other injuries, as provided by the FLSA, California Labor Code, California Business and Professions Code, and California law;

5.     For a declaratory judgment that Defendants violated the FLSA, California Labor Code, California law, and public policy as alleged herein;

6.     For a declaratory judgment that Defendants violated California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the California Labor Code;

7.     For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

8.     For an order requiring Defendants to disgorge all profits and other ill-gotten gains resulting from their failure to remit the entirety of gratuities to non-managerial service employees;

9.     For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

10.     For an order awarding Plaintiffs, Class, and Collective members compensatory damages, including gratuities owed, lost wages, earnings, business expenses, liquidated

1   damages, and other employee benefits, restitution, recovery of all money/property,

2   actual damages, and all other sums of money owed to Plaintiff, Class and Collective

3   members, together with interest on these amounts according to proof;

4   11.   For an order awarding Plaintiff and Class members civil penalties pursuant to the

5   California Labor Code, and the laws of the State of California, with interest thereon;

6   12.   For an order awarding reasonable attorneys' fees as provided by the FLSA, California

7   Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of

8   California, and/or other applicable law;

9   13.   For all costs of suit;

10   14.   For interest on any penalties awarded, as provided by applicable law; and

11   15.   For such other and further relief as this Court deems just and proper.

12

13                                         Respectfully submitted,

14   Date: April 30, 2020                  /s/ Carolyn H. Cottrell

15                                         Carolyn H. Cottrell
                                           David C. Leimbach
16                                         Kristabel Sandoval
                                           SCHNEIDER WALLACE
17                                         COTTRELL KONECKY LLP

18

19                                         Attorneys for Plaintiff and Class Members

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

Date: April 30, 2020

/s/ Carolyn H. Cottrell
Carolyn H. Cottrell
David C. Leimbach
Kristabel Sandoval
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Attorneys for Plaintiff and Class Members

EXHIBIT 1

**OPT-IN CONSENT FORM**
***Tizekker, et al. v. Bel-Air Bay Club, Ltd.***
**United States District Court, Central District of California**

**Complete And Submit To:**

Carolyn Hunt Cottrell, Esq.
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608

| Name: | Katie McClelland | Date of Birth: | █████████ |
|---|---|---|---|
| Address: | ████████████ | Phone No. 1:<br>Phone No. 2:<br>E-mail Address: | ██████████████ |

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.***

1.  I consent and agree to pursue my claims relating to and arising from Defendant's (Bel-Air Bay Club) alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* in connection with the above-referenced litigation.

2.  I have worked as a  Bartender  for Defendant at  Bel-Air Bay Club  from approximately on or about  September 2017  to approximately on or about  August 2018 .

3.  I understand that this litigation has been filed as a proposed collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* I hereby consent, agree, and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4.  I specifically authorize my attorneys, Schneider Wallace Cottrell Konecky to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendant in this litigation.

| 04 / 29 / 2020 | *Katelyn McClelland* |
|---|---|
| _____(Date Signed) | _____(Signature) |

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

Doc ID: f47ef995b1b65ef72a0b7a046f80f5eb1d8c9377